

**VIA ECF**
Hon. Steven Gold
United States Magistrate Judge
United States Courthouse
Eastern District of NY

1:20-cv-02012-EK-SMG  Garcia v. JM Coffee Shop & Bakery Corp

December 4, 2020

Your Honor,

      This firm represents Plaintiff Elisa Garcia ("Plaintiffs") in the above-referenced matter. Plaintiff writes jointly with Defendant to request that the Court approve the settlement agreement ("the Agreement") reached by the parties herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The Agreement is attached hereto as Exhibit A. The Confession of Judgments are attached hereto as Exhibit B.

Consistent with the Court's order, the purpose of this letter is two-fold. First, the letter will provide further support for the fair and reasonable settlement sum $15,000. Second, the letter will provide the Court with the requested information regarding the attorneys' fees so that the Court can determine whether the requested fee award of $5,000 is appropriate.

Accordingly, the parties respectfully request that the Court approve the proposed settlement. and Defendants have considered that the interests of all concerned are best served by compromise, settlement and dismissal of these claims with prejudice, in exchange for consideration as set forth in the Agreement.

                /s/Lina Stillman

                /s/ Heriberto Garcia

I.  **Statement of the Case**

This is an action for money damages originally brought by Plaintiff Elisa Garcia On May 3, 2020 Plaintiffs filed the original Complaint in this action, alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and violations of the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"). Specifically, Plaintiff was employed in Defendant's coffee shop.

Plaintiff alleges Defendants engaged in a wide variety of FLSA and NYLL violations, including failure to pay her appropriate overtime and violation of the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. §195). Defendants were not able to provide proof that the notice requirements were met.

In a good faith effort to resolve this case amicably, The parties then negotiated and came to an agreement with regards to an appropriate amount of compensation to settle the wage and hour claims, including back wages, liquidated damages, and interest, which amounts are set forth in the Agreement.

II.  **The Proposed Settlement is Fair and Reasonable**

Under the settlement, Defendants will pay $15,000 to settle all her claims. Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Plaintiffs estimate of her damages if she were fully successful on all of her arguments at trial are $34,398.88 excluding liquidated damages and excluding attorney's fees and costs.

The proposed settlement represents a reasonable compromise between the strength of Plaintiffs' claims and Defendants' financial situation. The proposed settlement also represents a reasonable compromise between the strength of Plaintiffs' claims and Defendants' defenses and Defendant's having shown proof of their precarious financial situation.

Despite Miss Garcia's belief that she could obtain more money in this matter, Plaintiffs herself ultimately chose the certainty of an agreed-upon settlement, which also allows her to avoid the uncertainties of trial and the possibility of not receiving any money at all.

The total settlement amount of $15,000 will be distributed in accordance with the enclosed Settlement Agreement.

### III. Plaintiffs' Attorneys' Fees are Fair and Reasonable

Under the settlement, Plaintiffs' counsel will receive $5,000 from the settlement fund as attorneys' fees. This represents one third (33.33%) of the settlement fund and constitutes the number reflected in the Plaintiff's retainer agreement (Including Costs).

We respectfully ask that the Court recognize that Plaintiffs' counsel has spent a significant amount of time and resources to advocate for her client and at the same time come to an agreement with Defendants.

The parties have been diligently working at settling this matter and have exchanged records and computations. Although Plaintiff alleges that Defendants did not keep appropriate FLSA and NYLL employment records, trial would nevertheless hinge on the fact finder's view of the parties' respective credibility.

We stress that this settlement was reached because of arm's length negotiations between counsel and without the assistance of the Court in mediation. Courts typically regard the adversarial nature of a litigated FLSA case to be an indicator of the fairness of settlement. Considering the risks in this case outlined above, discussed *supra*, Plaintiff believes that this settlement is an adequate result for the Plaintiff, and it should be approved as a fair settlement. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff's attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given plaintiffs' counsel's significant experience representing plaintiffs in the New York City in wage and hour litigation, counsel was able to obtain a good result with relatively low time and expense. A brief biography of the attorney who performed billed work in this matter is as follows:

   a. Lina F. Stillman is the Managing Attorney of Stillman Legal, P.C, and has been practicing law since 2012. She has practiced exclusively in the areas of Labor and Employment with emphasis on wage and hour litigation. In 2015, she opened a law firm in response to the immigrant community need for Spanish Speaking attorneys to care for her interests exclusively. She is an active member of the New York City Bar Association and the New York Chapter of the National Employment Lawyers Association.

## **Conclusion**

Plaintiff has been represented by counsel throughout this lawsuit, and Plaintiffs' counsel has agreed to the settlement amount based on the express approval and desire of her client. Plaintiffs' interests have thus been adequately safeguarded. Additionally, dismissal of this action will not prejudice anyone other than the named Plaintiffs; no other employees of Defendants have come forward indicating that they have claims against Defendants, nor would they be prejudiced by dismissal of this lawsuit, in the event that other such employees exist.

In full consideration of all the issues, we believe that the parties' Negotiated Settlement Agreement is fair and reasonable, and that the settlement should be approved. A copy of the parties' Negotiated Settlement Agreement is submitted herewith.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. If the Court determines a fairness hearing is necessary, the parties respectfully request to participate in such a hearing by telephone. The parties thank the Court for its attention to this matter.

    Respectfully submitted,

    /s/Lina Stillman
    STILLMAN LEGAL, PC
    Attorneys for the Plaintiffs

Enclosures