UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

MARIA ELISA GARCIA, *individually and on
behalf of others similarly situated,*

                                        *Plaintiff,*

 -against-

JM COFFEE SHOP & BAKERY CORP
(DBA AS JM COFFEE SHOP & BAKERY)
AND MANUEL SINCHI.

------------------------------------------------------------X

SETTLEMENT AGREEMENT
1:20-cv-02012-EK-SMG
Garcia v. JM Coffee Shop & Bakery
Corp

## NEGOTIATED SETTLEMENT AGREEMENT

WHEREAS, the Plaintiff Garcia (collectively referred to herein as "Plaintiff"), and JM COFFEE

SHOP & BAKERY CORP (DBA AS JM COFFEE SHOP & BAKERY) AND MANUEL

SINCHI.(collectively, "Defendants"), desire to resolve, settle and agree to dismiss with prejudice

any and all claims which Plaintiff have made in or by Complaint ("Complaint") in the above-

captioned action pending in U.S. District Court for the Eastern District of New York, Index

\Qo -2o (\_(the "Lawsuit"), without further litigation or adjudication;

        WHEREAS, Plaintiff and Defendants understand and agree that Defendants deny

each and every allegation of liability and/or wrongdoing, including, but not limited to, the

allegations and statements contained in pleadings in the Lawsuit and any other matter or thing

whatsoever;

        WHEREAS, a dispute exists as to Plaintiff' claims for alleged unpaid overtime

wages;

        WHEREAS, Plaintiff and Defendants understand and agree that neither the making

of this Negotiated Settlement Agreement ("Agreement") nor anything contained herein shall be

construed or considered in any way to be an admission by Defendants or any other person or entity

of guilt or noncompliance with any federal, state or local statute, order, regulation or ordinance,

public policy, tort law, contract (whether oral or written, express or implied), common law,

Plaintiff' alleged employer's policies, practices, benefit plans, compensation plans or procedures, or of any other wrongdoing whatsoever; and,

WHEREAS, the Lawsuit shall be dismissed in its entirety and with prejudice by the Court pursuant to the Stipulation and Order of Dismissal with Prejudice that shall be executed by counsels for Plaintiff and Defendants, as set forth below:

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES THAT:

1.    Definition of Parties.

(a)    "Releasors" shall be defined to include the Plaintiff in this Lawsuit for themselves and on behalf of any of their respective present or former spouse(s), dependents, heirs, assigns, lien holders, fiduciaries, successors, creditors, debtors, and counsel; and,"Releasees" shall be defined to include Defendants herein, and the current and former employees of any such entity, and any otherwise related persons or entities who Plaintiff claim or may claim employed them within the meaning of the Fair Labor Standards Act ("FLSA") or the New York Labor Law ("NYLL") at any time during their employment with JM COFFEE SHOP & BAKERY CORP (DBA AS JM COFFEE SHOP & BAKERY) AND MANUEL SINCHI

2.    Plaintiff' Commitments. In exchange for the promises set forth in paragraph "3" below, Plaintiff agree as follows:

(a)    Plaintiff will sign this Agreement, and they authorize their attorneys to execute the Stipulation And Order Of Dismissal With Prejudice attached hereto as Exhibit A;

(b)    After consultation with counsel, Plaintiff knowingly and voluntarily releases and forever discharges Defendants and all other Releasees of and from any and all claims of any kind arising under the Fair Labor Standards Act, the New York Labor Law, or any other right to wages, known or unknown, that he has or may have based upon any conduct occurring up to and including the date each Plaintiff executes this Agreement;

(c)    Plaintiff understand and agree that the Settlement Amount (described in Paragraph "3" below) is in full satisfaction, and in excess, of any and all obligations Defendants or Releasees may have with respect to Plaintiff' claims for alleged unpaid wages, unpaid overtime,

failure to provide any required statements, discrimination, retaliation, liquidated damages, interest and attorneys' fees under the wage and hour provisions of the New York State Labor Law, the Fair Labor Standards Act, and/or any other applicable wage hour and wage payment laws, rules or regulations for anything that has occurred up to the date each Plaintiff executes this Agreement (collectively referred to as "Wage Claims");

(e)    Each Plaintiff releases, waives, acquits and forever discharges Defendants jointly and severally, their predecessors, successors, parents, subsidiaries, assigns, agents, directors, officers, shareholders, employees, representatives, and attorneys ("Released Parties"), from any and all charges, complaints, claims, controversies, demands, rights, disputes, and causes of action, known or unknown, asserted or un-asserted, accrued or not accrued, arising before or existing when this Agreement is executed, which Plaintiff may have or claim to have against any of the Released Parties regarding any matter in connection with her pay, her rate(s) of pay, overtime pay, minimum wage violations, spread of hours, Wage Theft Prevention Act violations, recordkeeping violations, discrimination, and/or any claims of retaliation for having brought or raised any of the foregoing claims and any other claims or allegations made in the Action, as well as any related attorney's fees and/or costs incurred in the prosecution of this litigation, whether claim was made for same or not in the Action.

3.    <u>Defendants' Commitments</u>. In exchange for the promises made herein by Plaintiff contained in Paragraph "2" above, and in the other provisions of this Agreement, Defendants agree as follows:

(a)    Defendants agree to provide to Plaintiff, through their counsel, the total settlement sum of Fifteen Thousand Dollars and No Cents ($15,000) ("the Settlement Amount") in consideration for and in full satisfaction of all employment related Claims Plaintiff have or may have against Defendants or any other Releasee, whether known or unknown, asserted or unasserted for any act, omission, transaction or occurrence which has taken place up to and including the date of execution of this Agreement.

(b)    From the Settlement Amount, Plaintiff' counsel, Stillman Legal PC, will be paid $5,000 as payment for attorneys' fees and costs, for which Forms 1099 shall be issued to Plaintiff' counsel.

9

(c)     The Settlement Amount shall be paid over several installments as detailed below, with the first installment payable within thirty (30) days after the presiding court has approved the dismissal of the Lawsuit with prejudice, as follows:

(i)     Installment One:

i.     (1) One check in the amount of FIVE THOUSAND DOLLARS ($5,000) made payable to "MARIA ELISA GARCIA". for immediate deposit within thirty (30) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiff counsel.

(ii)     Installment Two:

i.     (1) One check in the amount of TWO THOUSAND DOLLARS ($2000) made payable to MARIA ELISA GARCIA". for immediate deposit within sixty (60) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiff counsel.

(iii)     Installment Three:

i.     (1) One check in the amount of TWO THOUSAND DOLLARS ($2000) made payable to MARIA ELISA GARCIA". for immediate deposit within ninety (90) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiff counsel.

(iv)     Installment Four:

i.     (1) One check in the amount of ONE THOUSAND DOLLARS ($1000) made payable to 'MARIA ELISA GARCIA". (1) (2) One check in the amount of ONE THOUSAND DOLLARS ($1000) made payable to 'STILLMAN LEGAL PC". for immediate deposit

9

within (120) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiff counsel.

(v)    Installment Five:

i.    (1) One check in the amount of TWO THOUSAND DOLLARS ($2000) made payable to "STILLMAN LEGAL PC". for immediate deposit within (150) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiff counsel.

(vi)    Installment Six:

i.    (1) One check in the amount of TWO THOUSAND DOLLARS ($2000) made payable to "STILLMAN LEGAL PC". for immediate deposit within (180) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiff counsel.

(d) Regardless of any tax withholding or other deductions by Defendants from the Settlement Amount, each Plaintiff must ensure that his respective shares of any and all tax obligations relating to the payments made hereunder are properly filed and/or paid. In the event that any federal, state or local taxing authority or court determines that taxes, interest and/or penalties are due and owing as a result of any non-payment by any Plaintiff of his respective share of said taxes, any interest, penalties or other liabilities shall be the sole obligation and liability of that Plaintiff, who shall hold harmless, indemnify and defend Defendants.

(e) Concurrently with the execution of this Agreement, Manuel Sinshi shall each execute and deliver to Plaintiff counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibits respectively. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiff attorney and will not be entered

9

and/or filed at any time other than (i) in the event that Manuel Sinchi fail to make any of the installment payments as set forth above, and (ii) Manuel Sinchi fail to cure such default within twenty (20) business days of receipt of written notice (to be delivered to Defendants by first class mail and email via their counsel, hcabrera@gonnylaw.com. Any such Notice of Default shall be deemed received five (5) days after it is mailed.

4.    Non-Admission of Wrongdoing. Plaintiff and Defendants agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed at any time or for any purpose as an admission of any liability, wrongdoing, or unlawful conduct of any kind by Defendants.

5.    Mutual Non-disparagement. Unless required to do so by legal process, Plaintiff agree not to make, or cause to be made, any disparaging statement, representations, comment, or publication ("Disparaging Statements"), whether orally or in writing, by word or gesture, to any person whatsoever about Defendants, including any of their respective agents, employees, attorneys, insurers, representatives, successors, executors, administrators, and assigns. Plaintiff also agree not to protest, demonstrate, picket, participate in a gathering of people, or organize any of the prior activities in front of or near Defendants home, residence, or places of employment. For purposes of this paragraph, a Disparaging Statement is any communication made for the purpose of directly or indirectly adversely impacting the business or reputation of the person or entity to whom or which the communication relates, provided however that nothing herein shall restrict or otherwise prevent Plaintiff or the named Defendant from making truthful statements about their experience related to the Lawsuit.

(a)    If such interpretation or modification is not possible, such provision immediately shall become null and void, leaving the remainder of this Agreement in full force and effect. However, if the release of Employment Claims contained herein is limited or held to be null and void, Defendants shall have the option of terminating this Agreement.

7.    Section Headings. Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

8.    Counterparts. This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same agreement. A signed fax or .pdf copy shall, for all purposes, be deemed an original and in full force and effect.

9

**9.**    <u>Governing Law. This</u> Agreement shall be governed by and construed in accordance with the laws of the State of New York. Its language shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless as to which party may have drafted the language in question. Any action or proceeding by either of the parties to enforce this Agreement shall be brought in any state court located in the state of Kings County, NY. The parties hereby irrevocably submit to the non-exclusive jurisdiction of these courts and waive the defense of inconvenient forum to the maintenance of any action or proceeding in such venue.

**10.**    Advice of Counsel. Maria E. Garcia acknowledges that they have had an opportunity to receive advice about the terms and legal effects of the Agreement from counsel of their choosing. Plaintiff and Defendants hereby represent that they have consulted their attorney(s) about the Agreement before signing it. The parties further acknowledge that they have read this Agreement in its entirety, that they have had an opportunity to discuss it with counsel, that they understand its terms, that they are fully competent to enter into it, that they have had a reasonable time within which to consider this Agreement and its terms before signing it.

**11.**    <u>Voluntary Agreement</u>. Plaintiff and Defendants agree that they are signing this Agreement of their own free will, without coercion or duress, and voluntarily assent to all the terms and conditions contained herein.

**12.**    <u>Execution</u>.

(a)    The terms of this Agreement are the product of mutual negotiation and compromise between Plaintiff and Defendants. Each Plaintiff fully understands that this Agreement generally releases, settles, bars, and waives any and all Employment Claims that he possibly could have against Releasees. Each Plaintiff further represents that he is fully satisfied with the advice and counsel provided by his attorneys.

(b)    Upon the complete execution of this Agreement, Plaintiff' counsel and Defendants' counsel shall sign the Stipulation and Order of Dismissal with Prejudice, and Plaintiff' counsel shall prepare and file an application requesting judicial approval of the Parties' settlement as reflected in this Agreement.

(c)    Each Plaintiff fully understands the terms of this Agreement.

9

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS SET FORTH ABOVE, EACH PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH HIS COUNSEL LINA STILLMAN, ESQ., EACH PLAINTIFF ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASEES.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Negotiated Settlement Agreement as follows:

*BY PLAINTIFFS:*

Maria E. Garcia

11/25/2020
Date

*FOR DEFENDANTS S*

Manuel Sinchi

11. 9. 20
Date

JM COFFEE SHOP & BAKERY CORP
Date

9

EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------X

MARIA ELISA GARCIA, *individually and on
behalf of others similarly situated,*

                              *Plaintiff,*

  -against-

JM COFFEE SHOP & BAKERY CORP
(DBA AS JM COFFEE SHOP & BAKERY)
AND MANUEL SINCHI.

--------------------------------------------------------------X

### STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff Maria Elisa Garcia

and JM COFFEE SHOP & BAKERY CORP (DBA AS JM COFFEE SHOP & BAKERY) AND

MANUEL SINCHI through their undersigned attorneys who state that they have been authorized

to enter into this Stipulation, that the Parties have agreed to amicably resolve any and all claims

by Plaintiff against Defendants in this action, including claims under the Fair Labor Standards

Act, 29 U.S.C. § 201 et seq., and have authorized their undersigned counsel to stipulate, consent,

and agree to dismiss the instant action with prejudice to Plaintiff. The terms of the Parties'

Negotiated Settlement Agreement have been reviewed and approved by the Court. No attorneys'

fees or costs will be awarded to any party by the Court, except as provided therein.

*Attorneys for Plaintiff Garcia*
STILLMAN LEGAL PC
42 Broadway, 12th Floor
New York, NY 10004

*Attorneys for Defendants*
*Heriberto Cabrera*
*480 39th Street, Suite 2R*
*Brooklyn, NY 11232*

By: _Lina Stillman, Esq._

By: _____

Dated: _____

Dated: _11. 17. 20_____

The Court hereby approves the settlement and dismissal of the instant action with prejudice.

SO ORDERED this ___ day of _____, 2020

_____
United States Magistrate Judge

2